Filed 6/5/25  Skaff v. Rio Nido Roadhouse CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RICHARD SKAFF,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RIO NIDO ROADHOUSE, dba LOWBRAU, LLC,<br><br>    Defendant and Appellant. | A167662<br><br>(Sonoma County<br> Super. Ct. No. SCV-254094) |

Plaintiff Richard Skaff sued defendant Rio Nido Roadhouse, dba Lowbrau, LLC (Lowbrau) for disability access discrimination, alleging causes of action under Health and Safety Code[1] section 19955 and the Unruh Civil Rights Act (Civ. Code, § 51 et seq.; Unruh Act).  After a bench trial, Skaff prevailed on his section 19955 claim but not on his Unruh Act claim.  In our prior opinion, we reversed the judgment and directed the trial court to enter judgment in Lowbrau's favor on both causes of action.  (*Skaff v. Rio Nido Roadhouse* (2020) 55 Cal.App.5th 522, 527, 532–533, 544 (*Skaff I*).)

On remand, Lowbrau moved to recover over $900,000 in attorney fees pursuant to Civil Code section 55, a bilaterial fee shifting provision which entitles the prevailing party in an action under section 19955 to recover

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

reasonable attorney fees. (*Jankey v. Lee* (2012) 55 Cal.4th 1038, 1045 (*Jankey*).) Under the Unruh Act, a prevailing defendant may not recover attorney fees. (*Jankey*, at pp. 1044–1045; Civ. Code, § 52, subd. (b)(3).) Lowbrau asserted that it sought recovery of fees for only work performed in defending the section 19955 claim and not the Unruh Act claim. As relevant here, the trial court denied recovery of any appellate attorney fees. Lowbrau challenges this decision on appeal, arguing the trial court refused to address the merits of its claim for appellate attorney fees, warranting reversal and an award of its appellate fees.

We conclude the trial court abused its discretion, or failed to exercise it, when it denied recovery of appellate attorney fees without first determining whether Lowbrau had performed appellate work on the section 19955 claim which was not inextricably intertwined with appellate work on the Unruh Act claim. (See *Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047, 1054 (*Turner*).) Accordingly, we remand for the trial court to determine whether Lowbrau is entitled to appellate attorney fees.

## I. BACKGROUND

### A. Underlying Facts and Skaff's Lawsuit[2]

The Rio Nido Roadhouse (Roadhouse) is a restaurant and bar in Guerneville. Skaff is disabled and uses a wheelchair. In 2012, he tried to patronize the Roadhouse. When he arrived, he could not find an available parking spot in the south-facing parking lot (south lot) large enough to accommodate his van with the required clearance space and he could not see a wheelchair-accessible way to enter the Roadhouse from the south lot. He

---

[2] The facts leading to Skaff's lawsuit and the issues addressed in the prior appeal are summarized in further detail in *Skaff I, supra,* 55 Cal.App.5th 522.

2

drove away and did not attempt to enter the establishment. (*Skaff I*, *supra*, 55 Cal.App.5th at pp. 528–530.)

In August 2013, Skaff filed a complaint against Lowbrau for disability discrimination alleging two causes of action under (1) section 19955 et seq., and (2) the Unruh Act. (*Skaff I*, *supra*, 55 Cal.App.5th at pp. 527, 530.) The section 19955 claim alleged the Roadhouse had undergone alterations which triggered disability access requirements.[3] The Unruh Act claim alleged violation of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.; ADA) based on Skaff's inability to patronize the Roadhouse because of access barriers in the south lot and entrance. (*Skaff I*, at p. 530.)

By the time trial began in 2017, Skaff's access concerns had been remediated to current state and federal standards. (*Skaff I*, *supra*, 55 Cal.App.5th at p. 531.) Additionally, it went undisputed at trial that there had been no alteration-triggering permits issued which required relevant access upgrades. (*Id*. at p. 532.) Skaff's counsel withdrew the request for injunctive relief, conceding that relief under section 19955 had already been obtained by Lowbrau's remediation projects. Following the bench trial, the trial court entered judgment for Skaff on his section 19955 claim. While it did not find that Lowbrau had violated section 19955, it declared that Skaff's section 19955 claim would have entitled him to obtain injunctive relief for all non-compliant conditions at the Roadhouse. The court ruled that Skaff was the prevailing party and was entitled to recover his costs and attorney fees. The court ruled against Skaff on his Unruh Act claim. It found that Lowbrau

---

[3] Under section 19955 et seq., preexisting public accommodations must adhere to state accessibility requirements when qualifying alterations, structural repairs, or additions are made. (*Skaff I*, *supra*, 55 Cal.App.5th at p. 535.) Not every alteration will trigger state access regulations. (*Id*. at p. 536.)

was not required to remediate any access barriers in the south lot because Lowbrau did not own, control, or lease the south lot on the date Skaff visited. The court further found that Skaff had not encountered a structural barrier within the meaning of the ADA. Instead, he had encountered a full parking lot. Subsequently, the trial court granted in part Skaff's request for attorney fees under Civil Code section 55, awarding him $192,910. (*Skaff I*, at pp. 532–533.)

### B. Prior Appeal

Lowbrau appealed from both the entry of judgment and the trial court's award to Skaff of attorney fees and costs,[4] arguing Skaff failed to prove any entitlement to relief under section 19955. We agreed. (*Skaff I*, *supra*, 55 Cal.App.5th at p. 533.) We reversed the trial court's entry of judgment in favor of Skaff on his section 19955 claim. It was undisputed that the Roadhouse had not undergone any alterations which would trigger section 19955 compliance. (*Skaff I*, at pp. 537–538.) As to Skaff's Unruh Act claim, the trial court had entered judgment against Skaff, which he had not appealed. (*Skaff I*, at p. 543.)

We also reversed the trial court's award to Skaff of attorney fees and costs. (*Skaff I*, *supra*, 55 Cal.App.5th at p. 542.) The trial court had reasoned that Skaff was the prevailing party under a catalyst theory because his lawsuit was the catalyst that caused renovations at the Roadhouse. We concluded the catalyst theory was not available when his section 19955 claim lacked merit. (*Skaff I*, at pp. 528, 538, 540–541.) Further, we explained Skaff could not be awarded attorney fees under the plain language of Civil Code section 55, which provides recovery of prevailing party attorney fees based on a violation or potential violation of section 19955. Here, there was

---

[4] Skaff also appealed from the order awarding attorney fees and costs.

no evidence establishing a violation or potential violation of section 19955. (*Skaff I*, at p. 542.)

On appeal, Skaff also argued that his Unruh Act claim provided an alternative basis to affirm the award of attorney fees, even if an award under section 19955 was unfounded. He contended "that he sought and *obtained* injunctive relief under both section 19955 and Unruh Civil Rights Act claims." (*Skaff I*, *supra*, 55 Cal.App.5th at p. 542.) We explained that Skaff had "misstate[d] what occurred in the proceedings below." (*Ibid*.) We stated, "[T]he trial court entered judgment *against* plaintiff on his Unruh Civil Rights Act claim. As the trial court found, the Unruh Civil Rights Act claim pertained to alleged access barriers encountered by plaintiff in the South Lot, a parking lot that Lowbrau did not own, control, operate, or lease on the date of the alleged violation. The court further found that plaintiff had not encountered any structural barrier within the meaning of the ADA; what he encountered, rather, was a full parking lot. To the extent plaintiff's Unruh Civil Rights Act claim alleged any nonparking lot-related ADA violations, the trial court found that plaintiff never physically encountered these barriers because he drove away. That plaintiff may have also pursued injunctive relief under his Unruh Civil Rights Act claim is irrelevant because the claim was determined to be without legal merit and no injunctive relief or damages were awarded. On the other hand, plaintiff's pursuit of injunctive relief to address access barriers at the Roadhouse was premised solely on alleged violations of section 19955. Plaintiff may disagree with the trial court's characterization of his claims or its entry of judgment against him on the Unruh Civil Rights Act claim, but having failed to appeal the underlying judgment, we may not disturb its reasoning. Plaintiff's unsuccessful Unruh

5

Civil Rights Act claim does not provide an alternative basis for affirming the judgment below." (*Id.* at pp. 542–543.)

We reversed the judgment on the section 19955 claim and directed the trial court to enter judgment in Lowbrau's favor on both causes of action. We vacated the court's order awarding attorney fees and costs and remanded the matter for further proceedings. (*Skaff I*, *supra*, 55 Cal.App.5th at p. 544.)

## *C. Remand Proceedings*

In August 2021, Lowbrau filed a motion for attorney fees pursuant to Civil Code section 55 (motion), arguing it was entitled to attorney fees as the prevailing party on the section 19955 cause of action. Lowbrau sought attorney fees for work completed by its attorneys—Joseph Baxter and Sarah Baxter Kaplan[5]—and their paralegal. As relevant here, Lowbrau sought attorney fees for all time spent working on the appeal on the ground that the appeal was solely based on the section 19955 issues. Lowbrau asserted it did not seek attorney fees for any time spent defending Skaff's Unruh Act claim. Lowbrau requested a total award of $925,010, comprised of: Joseph's work ($279,870 for trial court work and $463,970[6] for work in the Court of Appeal and the Supreme Court); Sarah's work ($137,560 for all courts); and the paralegal's work ($43,610).

In opposition, Skaff contended the motion should be denied in its entirety. Relying on *Turner*, *supra*, 193 Cal.App.4th 1047, he argued, in

---

[5] We refer to the attorneys individually by first name for ease and clarity. We intend no disrespect.

[6] Pursuant to Lowbrau's notice of correction filed on August 27, 2021, Joseph revised the total claimed amount for his appellate work to $460,135. After also revising his total claimed fees for his work in the trial court, Lowbrau revised its total attorney fee award request to $919,750.

6

pertinent part, that Lowbrau's time spent defending the section 19955 claim was inextricably intertwined with the time spent defending the Unruh Act claim and the work could not be segregated.

A series of hearings spanning 14 months, submission of additional evidence and opposition thereto, and rulings by the trial court followed. We summarize these events in detail to assist the trial court and the parties on remand.

## 1. First Hearing

The trial court[7] held the first hearing on December 8, 2021. In January 2022, the court issued a written order adopting its tentative ruling. The court determined that Lowbrau, as the prevailing party on the section 19955 claim, should recover fees pursuant to Civil Code section 55. The court addressed Skaff's *Turner* argument, including, as relevant here, finding that most of the litigation occurring after the 2017 judgment, including the appeal, was related to the section 19955 claim. The court explained it must award fees for work that was "not so intertwined with the work regarding the Unruh Act." But, the court explained, Lowbrau had "failed to clearly identify which attorney's fees and costs are specific to the litigation following the judgment." Therefore, the court granted the motion "solely as to the attorneys' fees incurred subsequent to the judgment of June 2017, and subject to [Lowbrau] providing evidence specifically detailing only the work which falls under this category." The court continued the matter to February 2022 "to address the specific amounts which [Lowbrau] may recover in accord

---

[7] Honorable Gary Nadler presided over Lowbrau's motion for the first four hearings in 2021 and 2022. Judge Nadler was not the trial judge. The trial judge, Honorable Allan D. Hardcastle, had retired.

with the court's ruling," and ordered Lowbrau to file a declaration with evidence specifying the work involved.

Joseph filed a declaration in January 2022 and submitted updated time logs for work performed after the June 2017 judgment to January 2022. Joseph separated the attorneys' work into three timeframes, including for work completed from January 1, 2018 to January 31, 2021, in the Court of Appeal and the Supreme Court. For this time period, Joseph stated that he and Sarah expended 741.7 hours on first cause of action—section 19955—issues. For the total period of time from the June 2017 judgment to January 2022, Lowbrau requested an award of $919,376.25, comprised of $784,861.25 for Joseph, $83,720 for Sarah, and $50,795 in paralegal time.

### 2. Second Hearing

The trial court held the second hearing on February 25, 2022. The record does not include a written order filed after this hearing, but the parties agree that the court adopted its tentative ruling. The court explained that the parties agreed that the attorney fees sought were limited to those related to the section 19955 claim. The court found that in its supplemental submissions, Lowbrau had claimed more hours during the applicable post-judgment period than it claimed in its original moving papers, which was improper, and the court limited the recoverable fees to no more than the amounts represented in the motion, directing Lowbrau to submit modified evidence. As to whether Lowbrau's claimed hours consisted of work intertwined with both causes of action, the court concluded that Lowbrau's information regarding which work was performed on the section 19955 claim was sufficient, with the exception of any additional fees noted above and work on the appeal and the petition to the Supreme Court. The court determined that the appeal involved work on the Unruh Act and that the

8

evidence Lowbrau had submitted was "too unclear" for the court to distinguish which appellate work was for the section 19955 claim and which work was for, or intertwined with, the Unruh Act claim. The court ruled that work completed on the petition to the Supreme Court was devoted to the Unruh Act claim and, therefore, Lowbrau could not recover those fees, and it determined various other fees were recoverable. The court continued the hearing to April 2022 to allow Lowbrau to modify its declaration and evidence to address the identified issues.

Joseph filed another declaration before the April 2022 hearing. He asserted that on appeal there had been no inextricable intertwining of work on Skaff's two causes of action. Joseph argued that there was no Unruh Act claim at issue in the Court of Appeal so there could be no intertwining of work. In briefing the appeal, Lowbrau's opening brief said "[n]ot a word" about the Unruh Act claim. Additionally, Joseph asserted that all hours for work on the reply brief should be awarded. At the same time, Joseph explained that the Unruh Act was mentioned in two places in the 97-page reply brief; only 12 pages of the reply brief dealt with the Unruh Act argument Skaff had asserted in his respondent's brief. Joseph did acknowledge, then, that 12 pages of the reply brief were potentially at issue if the court were to conclude that all the work on those pages was inextricably intertwined with the section 19955 work and, therefore, he asserted that not more than 12 percent of the hours claimed for work on the reply brief should be deducted. Additionally, Joseph recognized that pursuant to the court's February 2022 ruling, work in the Supreme Court would not be awarded and he stated this would reduce the award by $68,970 (105 hours for Joseph and 1.8 hours for Sarah). After proposing other deductions, Lowbrau requested a total award of $816,776.25.

## 3. Third Hearing

The trial court held the third hearing on April 27, 2022. The court issued a tentative ruling prior to the hearing. The tentative ruling "denie[d] the motion to recover any fees for appellate work." The court explained that it had previously directed Lowbrau to provide clarification of which work on the appeal was for the section 19955 claim, but instead Lowbrau argued that there was no intertwining of work on the claims because the appeal did not involve the Unruh Act. The court explained it had "already determined that the appeal did involve the Unruh Act." This demonstrated to the court that Lowbrau was unable to provide evidence of work on the two claims "which was not intertwined." Because the court had provided Lowbrau two opportunities to demonstrate that some of the appellate work was "solely" for the section 19955 claim, and Lowbrau had failed to do so, the court now determined that Lowbrau was unable to do so. Therefore, the tentative ruling "denie[d] the motion as to any appellate fees." Of the fees which remained potentially recoverable, the tentative ruling provided Lowbrau one more opportunity to provide evidence on a single issue—the fees related to the section 19955 claim up to the amount claimed in the original motion, as opposed to the additional amounts claimed in later submissions. This had to exclude fees for appellate work. The tentative ruling allowed Lowbrau to provide "brief evidence, only, showing the amount of fees as originally claimed in the original moving papers, and up to the amount only, which were solely for the section 19955 claim. It may present no argument, authority, analysis, or discussion whatsoever."

At the April 2022 hearing, Joseph devoted his argument to discussing the appeal, which he contended was about Skaff's failure of proof to support a claim under section 19955. Joseph asserted that all post-judgment litigation

10

focused on the section 19955 claim and he had attempted to meet the trial court's request to provide evidence demonstrating this. Regarding briefing in the Court of Appeal, Joseph explained that Lowbrau's opening brief did not involve the Unruh Act, and while the reply brief did briefly address the Unruh Act, it did so only in response to Skaff's contention that the trial court's order was "right for [the] wrong reason." The Court of Appeal, though, had explained that it could not consider the Unruh Act claim because Skaff had not challenged the trial court's judgment. Joseph addressed *Turner* and distinguished it from the circumstances here.

The court interrupted Joseph to attempt to "figure out a way to address all of this." The court stated that if it "expressed confusion in the tentative ruling," it was "because [it] was [confused]." The court inquired whether Joseph was asking to rebrief these issues and present a declaration going to these issues, which the court recognized it had "foreclosed that in the tentative ruling." Joseph replied, it "would certainly deal with my concern." Skaff's counsel opposed, arguing Lowbrau had been provided sufficient opportunities to present evidence showing what work was done, including on the appeal, solely on the section 19955 claim. In the end, the court continued the matter to July 2022 and allowed Lowbrau, "in addition to what the Court permitted in the tentative ruling, [to] submit an additional brief." The court "otherwise adopted" the tentative ruling.

The register of actions reflects that the clerk entered the "minutes" (boldface and capitalization omitted) from the April 2022 hearing. The minutes stated appearances and took notes on the attorneys' and the trial court's oral statements, including that the court stated its intent to allow Lowbrau to file additional briefing. The minutes reflect that the court adopted its tentative ruling and continued the motion to July "solely to allow

11

Defendant to provide brief evidence, only, showing the amount of fees as originally claimed in the moving papers, and up to the amount only, which were solely for the section 19955 claim. It may present no argument, authority, analysis, or discussion." "This must exclude any time claimed for appellate work . . . for this court has now determined that [Lowbrau], as a result of its singular failure to provide any clarification, is unable to demonstrate any such time that was not intertwined with unrecoverable claims. The court therefore denies the motion to recover any fees for appellate work." Mostly, the minutes repeated the court's tentative ruling. After doing so, the minutes stated that Lowbrau's counsel may file an additional brief.

In his respondent's appendix, Skaff submits two documents titled "minute orders" (boldface and capitalization omitted) from the April 2022 hearing (minute orders). The minute orders indicate that one was generated on April 29, 2022 and an amended minute order correcting appearances was generated on June 22, 2022. The minute orders repeat the substance of the clerk's minutes entered in the register of actions for the April 2022 hearing, including that the court denied the motion as to any fees for appellate work. The minute orders directed Lowbrau to prepare and serve a proposed order consistent with the ruling and submit it to the court in accordance with California Rules of Court, rule 3.1312. The minute orders were not signed by a judge, and it is unclear whether they were filed. They are not filed stamped and no document titled "minute order" appears in the register of actions on the date of the hearing or the dates the minute orders reflect they were generated. It is undisputed that the trial court did not serve the minute orders on the parties.

12

Based on the record before us, the trial court did not sign or file a formal, written order reflecting its ruling after the April 2022 hearing.

Following the April 2022 hearing, Joseph submitted another declaration. He argued why the section 19955 work on appeal was not inextricably intertwined with the Unruh Act claim, relying on *Skaff I* and Lowbrau's opening and reply briefs. The opening brief never mentioned the Unruh Act. The reply brief briefly addressed the Unruh Act, in response to Skaff's argument attempting to raise the Unruh Act as a means to affirm the trial court's decision, demonstrating that the Unruh Act was involved but was not inextricably intertwined with the section 19955 work. This took up 12 pages of the 97-page brief. Joseph stated that if anything, an award of fees for work on the reply brief could be reduced by a percentage of the minimal amount of time spent on the Unruh Act. He proposed a deduction of $15,610.50. Joseph also stated that while his time logs detailed the 16 hours he spent researching and preparing for appellate oral argument, he could not segregate the Unruh Act portion of this work from the section 19955 work and, therefore, he was "willing to waive a claim for these 16[]unsegregated hours." For this, he proposed a deduction of $14,755. In sum, Joseph identified the following proposed deductions be taken from the original requested award of $925,010:[8] $143,735 for pre-judgment work, $82,360 for Supreme Court work, $15,610.50 for the 12 pages in the reply brief, $14,755 associated with oral argument work, and $910 for client communications. In total, he requested an award of $667,639.50.

---

[8] See footnote 6, *ante*.

13

### 4. Fourth Hearing

The trial court held the fourth hearing on July 27, 2022. Prior to the hearing, the court issued a tentative ruling granting in part Lowbrau's request for appellate attorney fees as follows: In its original motion, Lowbrau had requested a total of $463,970[9] for Joseph's work in the Court of Appeal and the Supreme Court. From *that appellate number*, the court deducted $143,735 for pre-judgment work, $14,755 for appellate oral argument work, and $15,610.25 "for time spent on appellate briefing for the Unruh Act argument." The court also deducted approximately $8,000 for client communications. The tentative ruling, therefore, awarded to Lowbrau a total of $281,712.25. As to Joseph's work in the Court of Appeal, the tentative ruling accepted Lowbrau's "explanation as to why the work on Defendant's opening appellate brief is all recoverable since unrelated to the Unruh Act claim. This appears to be the correct interpretation." As to work in the Supreme Court, which the court had already determined was not recoverable, while Joseph proposed a reduction of $82,360, the court concluded it must deduct a minimum of $279,870 for Supreme Court work. The court awarded no fees for Sarah's work or paralegal work. Confusingly, while the tentative ruling awarded some fees for Joseph's appellate work, in summarizing the April 2022 hearing, the tentative ruling also stated that the "motion was denied with respect to recovering any fees for appellate work."

At the July 2022 hearing, Joseph contested the court's method in its tentative ruling of deducting the amount deemed nonrecoverable for pre-judgment work from the amount originally requested for Joseph's appellate work. He argued nonrecoverable fees for pre-judgment work should be deducted from the total award Lowbrau had requested, not from the fees

---

[9] See footnote 6, *ante*.

incurred for appellate work. He also argued Lowbrau had presented information specifying paralegal time which was for recoverable appellate work as opposed to nonrecoverable pre-judgment or Supreme Court work. Joseph contested the court's denial of any fees for Sarah's work, asserting Lowbrau had provided information specifying which of her hours were for unrecoverable Supreme Court work and which were for Court of Appeal work.

At the hearing, Skaff's counsel stated that there were two instances in the tentative ruling where the trial court referenced that it should exclude all time for appellate work, and counsel asked if that was the court's intent. The court replied, "That's what the intent was." But the court stated, "Hold on. That was what was stated in the tentative ruling. I will be looking at it again." Skaff's counsel agreed with Joseph that the proper method to determine the final award was to make deductions from Lowbrau's original request of approximately $925,000. Skaff's counsel argued the $463,970 requested for Joseph's appellate work did not need to be separated out "because we know that both of those are disallowed" so that entire amount should be deducted from the award. The court took the matter under submission.

The trial court filed a signed, written order on July 29, 2022. The court changed course from its tentative ruling and denied recovery of all appellate fees, for work in both the Court of Appeal and the Supreme Court. The court detailed the history of the hearings and its prior rulings, including stating that at the April 2022 hearing, the court had "denied the motion with respect to recovering any fees for appellate work." The court stated that Lowbrau's declaration submitted after the April 2022 hearing was "partially argument guised thinly as evidence" which did not provide the information the court

15

had requested. The court had previously found that the appeal involved work on the Unruh Act and that Lowbrau's evidence was too unclear for the court to distinguish what appeal work was for the section 19955 claim and what work was for, or intertwined with, the Unruh Act claim. Despite this admonition, Lowbrau once again argued that the appeal was solely taken from the judgment on the section 19955 cause of action. The court explained it found "this argument to be an explanation as to why work on [Lowbrau's] opening appellate brief is recoverable even though this court already ruled that [Lowbrau] may not recover appellate-level fees."

Turning to Lowbrau's proposed deductions, in its order the trial court "accept[ed] some of the figures," including $143,735 for pre-judgment work. The court rejected, though, Lowbrau's proposed deductions of specified amounts for work before the Supreme Court, for oral argument in the Court of Appeal, and for a portion of work for appellate briefing regarding the Unruh Act. The court stated, "In the April 27, 2022 ruling, this court already found, as explained above, that [Lowbrau] is not entitled to recover any fees for work at any appellate level. This court explained in that order that it had already given [Lowbrau] three chances, with clear and explicit findings and direction, to demonstrate which fees for appellate work were recoverable for the section 19955 claim. This court also pointed out that, despite those repeated opportunities, [Lowbrau] had failed to do what the court requested." Therefore, the court ruled Lowbrau "may not recover any portion of the $463,970 in fees claimed for Joseph for work before the appellate court or Supreme Court, or that portion of Sarah's fees apportioned to proceedings at the appellate court or Supreme Court." The court awarded fees for Joseph's work, after the judgment and in the trial court proceedings only and

16

excluding time for meetings or client communications, for a total of $127,977.50. The court also awarded paralegal fees of $43,610.

In its order, as to fees claimed for Sarah's work, the court continued the motion to September 2022 to allow Lowbrau to demonstrate which portion of her fees was for recoverable, post-judgment work in the trial court and not for appellate work. The court explained it would add these fees to the fees which it had already found recoverable, as stated above. Subsequently, Sarah filed a declaration identifying her hours worked during the relevant time periods and the amounts she proposed should be deducted from the $137,560 award originally requested, based on what the court had stated was recoverable. Sarah explained that after those deductions, she should be awarded $90,080.

### 5. Motion for Reconsideration

On September 6, 2022, and before the next scheduled hearing, Lowbrau filed a motion for reconsideration of the July 2022 order. Lowbrau argued that the order contained calculation errors in the amounts it deducted from the requested award. Lowbrau also argued that the court denied the request for appellate fees—reversing course from its tentative ruling—but it had not considered the merits of the issue. Skaff opposed the motion for reconsideration.

### 6. Fifth Hearing

The consolidated hearing on the motion for attorney fees and the motion for reconsideration was held on January 25, 2023. A different judge presided over this hearing.[10] At the hearing, Sarah argued, among other things, that it was incorrect that the trial court had denied fees for appellate

_____

[10] Honorable Gary Nadler, who had presided over the matter in 2021 and 2022, had retired. Honorable Robert S. Boyd presided over the January 2023 hearing and issued the final ruling on Lowbrau's motions.

17

work during the April 2022 proceedings. She explained that the tentative ruling the court issued before the April hearing had denied appellate fees, but the court had reversed that ruling at the April 2022 hearing and allowed Lowbrau's counsel to file an additional brief on the issue. The court took the matter under submission.

On January 26, 2023, the trial court filed a signed, written order which (1) granted the motion for attorney fees for a total award of $261,667.50, and (2) denied the motion for reconsideration.[11] The court again set forth the history of the motion and its prior rulings. Again, the court stated that in April 2022, the court had "denied the motion with respect to recovering any fees for appellate work." The court explained it had continued the motion only to allow Lowbrau to demonstrate the amount of fees claimed for Sarah's work which are recoverable. Based on Sarah's declaration, the court awarded $90,080 for her work. It awarded Lowbrau $261,667.50 in attorney fees, comprised of $127,977.50 for Joseph's fees and $43,610 for paralegal work— the amounts it had previously awarded in the July 2022 order—and $90,080 for Sarah's fees.

## II. DISCUSSION

Lowbrau challenges the trial court's order to the extent it denied appellate attorney fees.[12] Lowbrau contends that the court refused to address the merits of its claim for appellate attorney fees. Lowbrau argues that instead, the court based its decision on its mistaken belief that it had already denied such fees in April 2022 and on the incorrect determination that

---

[11] The order denying the motion for reconsideration is not at issue on appeal.

[12] Lowbrau challenges the trial court's order only as it pertains to work performed in the Court of Appeal. It does not challenge the order to the extent it denied fees for work in the Supreme Court.

Lowbrau had been unable to clarify how its claim for appellate attorney fees was not barred under *Turner*, *supra*, 193 Cal.App.4th 1047.

## A. Statutory Framework

In *Skaff I*, we summarized in further detail the federal and state laws which govern disability access requirements for public accommodations. The Unruh Act "broadly enjoins arbitrary discrimination in public accommodations and includes disability as a prohibited form of discrimination. (Civ. Code, § 51, subd. (b).) In 1992, the Legislature amended the Unruh Civil Rights Act to specify that '[a] violation of the right of any individual under the Americans with Disabilities Act . . . shall also constitute a violation of this section.' [Citations.] The amendment was intended to allow persons injured by a violation of the ADA to seek the full range of remedies provided under the Unruh Civil Rights Act." (*Skaff I*, *supra*, 55 Cal.App.5th at p. 535.)

"The Disabled Persons Act (Civ. Code, § 54 et seq.) (DPA) substantially overlaps with and complements the Unruh Civil Rights Act. [Citation.] The DPA generally guarantees disabled individuals equal rights of access to public places, buildings, facilities and services, as well as common carriers, housing and places of public accommodation. [Citations.] As with the Unruh Civil Rights Act, violations of the ADA may be asserted under the DPA." (*Skaff I*, *supra*, 55 Cal.App.5th at p. 535.)

Section 19955 et seq. was enacted in 1969, requiring newly constructed public accommodations to adhere to Government Code accessibility requirements. (*Skaff I*, *supra*, 55 Cal.App.5th at p. 535.) "In 1971, the Legislature added the requirement that preexisting structures must conform to accessibility standards when qualifying alterations, structural repairs, or additions are made." (*Ibid.*) Section 19955 does not "contain an ongoing

19

obligation for existing facilities to remediate barriers to access. In contrast to the ADA, public accommodations under section 19955 are required to make access upgrades only upon the construction of new facilities or in the repair or alteration of existing facilities, and only then to the area being repaired or altered." (*Skaff I*, at p. 536.)

Civil Code section 55 and the Unruh Act entitle certain parties to recover reasonable attorney fees. Civil Code section 55 is part of the DPA "but it offers an independent basis for relief." (*Jankey*, *supra*, 55 Cal.4th at p. 1045.) Relief may be predicated not only on provisions of the DPA but also of various provisions in both the Government Code and the Health and Safety Code, including section 19955. (*Jankey*, at p. 1045; see also Civ. Code, § 55.) Civil Code section 55 is a bilateral fee-shifting statute. It contains "a broadly worded two-way fee-shifting clause: 'The prevailing *party* in the action' under [Civil Code] section 55 'shall be entitled to recover reasonable attorney's fees.' " (*Jankey*, at p. 1045, italics added.)[13]

The Unruh Act, on the other hand, contains a unilateral fee-shifting provision allowing only a prevailing *plaintiff* to recover attorney fees. (*Turner*, *supra*, 193 Cal.App.4th at pp. 1059–1060; see also Civ. Code, § 52, subd. (b)(3).) Courts have "recogniz[ed] that unilateral fee-shifting provisions reflect a considered legislative judgment that prevailing defendants should not receive fees." (*Turner*, at p. 1061.)

_____

[13] We note that legislation is pending which would amend Civil Code section 55. (Assem. Bill No. 649 (2025–2026 Reg. Sess.) § 1, p. 5, as amended May 12, 2025 [adding a provision that a "plaintiff shall not be assessed a prevailing defendant's attorney's fees or costs unless a court finds that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it became clear that the claim was frivolous, unreasonable, or groundless"].)

When work on claims subject to a unilateral attorney fees provision is "inextricably intertwined with" work on claims for which a prevailing defendant ordinarily would be able to recover attorney fees, courts have held that the prevailing defendant may not be awarded fees. (*Turner*, *supra*, 193 Cal.App.4th at p. 1054; see *id*. at p. 1071 [prevailing defendant could not recover bilateral attorney fees under § 55 of the DPA where such recovery conflicted with the unilateral attorney fee provision of the Unruh Act, when defendant "concede[d] it did not incur even one extra hour of attorney fees defending the [Civ. Code § ]55 claim"]; *Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, 503, 504 [prevailing defendant could not recover fees under contractual fee provision where such claims related " 'by inextricable overlap' " to the unilateral fee provision for antitrust claims].) To be *inextricably* intertwined means " 'that it would be impractical or impossible to separate the attorney's time into compensable and noncompensable units.' " (*Hoffman v. Superior Ready Mix Concrete, L.P.* (2018) 30 Cal.App.5th 474, 485.)

## B. Standard of Review

As we stated in *Skaff I*, " '[a] request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence.' [Citations.] We must review the entire record, paying particular attention to the trial court's stated reasons in denying or awarding attorney fees and whether it applied the proper standards of law in reaching its decision." (*Skaff I*, *supra*, 55 Cal.App.5th at pp. 533–534.)

" ' " 'The abuse of discretion standard is "deferential," but it "is not empty." ' " ' " (*Roe v. Halbig* (2018) 29 Cal.App.5th 286, 312.) " 'A trial court's

award of attorney fees must be able to be rationalized to be affirmed on appeal.' " (*Ibid*.)  " 'When the record is unclear whether the trial court's award of attorney fees is consistent with the applicable legal principles, we may reverse the award and remand the case to the trial court for further consideration and amplification of its reasoning.' " (*Ibid*.)

### C. Appellate Attorney Fees

Lowbrau prevailed on both causes of action in Skaff's complaint.  (See *Skaff I*, *supra*, 55 Cal.App.5th at p. 544.)  As the prevailing *party*, Lowbrau is entitled to recover attorney fees incurred in defending the section 19955 cause of action.  (Civ. Code, § 55.)  As a prevailing *defendant*, however, it is not entitled to recover attorney fees incurred in defending the Unruh Act cause of action.  (*Turner*, *supra*, 193 Cal.App.4th at pp. 1059–1060.)  Lowbrau acknowledges this limitation and, from the time it filed its motion, it asserted it sought fees only for time spent on the section 19955 cause of action.

One issue the trial court attempted to resolve was Skaff's contention that Lowbrau's time spent in defending both causes of action was inextricably intertwined and, therefore, Lowbrau could not recover any attorney fees pursuant to *Turner*, *supra*, 193 Cal.App.4th 1047.  As the proceedings progressed, the court determined which attorney fees were recoverable, or potentially recoverable, and which were not.  For example, in its January 2022 order, the court determined that the only potentially recoverable attorney fees were those incurred after the June 2017 judgment because, prior to that point, Lowbrau's work in defending both causes of action was inextricably intertwined.  As relevant here, Lowbrau requested fees incurred for appellate work, both in the Court of Appeal and the Supreme Court.  This dispute led to the court requesting Lowbrau to provide additional evidence

22

identifying which fees were incurred only for appellate work on the section 19955 claim.

Lowbrau contends that in its July 2022 order the trial court refused to address the merits of Lowbrau's claim for appellate attorney fees based on the court's mistaken belief that it had already denied such fees in April 2022. Lowbrau argues the court had not, in fact, previously denied those fees. Skaff argues it had. We agree with Lowbrau.

The record demonstrates that the trial court did not deny the motion as to appellate attorney fees by ruling on the substantive issue underlying the dispute. That is, the court never determined whether Lowbrau had identified appellate work performed on the section 19955 claim which was not inextricably intertwined with appellate work performed on the Unruh Act claim. (See *Turner*, *supra*, 193 Cal.App.4th at p. 1054.) Prior to the third hearing in April 2022, the court issued a tentative ruling which denied the motion as to recovery of any appellate attorney fees. The reporter's transcript from the April 2022 hearing demonstrates that Lowbrau's counsel devoted his argument to contesting the tentative ruling, arguing that Lowbrau had identified appellate work performed on the section 19955 claim which either did not overlap with the Unruh Act claim or, if it did, was able to be segregated from such claim. As the reporter's transcript reflects, the court did not deny the motion as to appellate fees. Instead, it wanted to "figure out a way to address all of this," referring to Lowbrau's counsel's arguments about the appeal. After clarifying whether Lowbrau's counsel was asking to rebrief the issues, which option the tentative ruling had "foreclosed," the court continued the hearing and allowed Lowbrau, "*in addition to* what the [c]ourt permitted in the tentative ruling," to "submit an

23

*additional brief*." (Italics added.) The court "otherwise adopted" the tentative ruling.

Skaff argues that the trial court did, in fact, deny the motion as to appellate fees in April 2022. Skaff relies on the minute orders from the April 2022 hearing, which stated, "[Lowbrau] may recover no fees for appellate work, so the court denies the motion as to any appellate fees."

Even if the minute orders were effective, they conflict with the trial court's oral pronouncement at the April 2022 hearing. At the hearing, the court did not expressly deny appellate fees. Based on Joseph's arguments and the court's allowance of further briefing according to his arguments, by implication the portion of the tentative ruling denying appellate fees was not part of the tentative ruling that the court "otherwise adopted." But the minute orders state that appellate fees were denied. At the hearing, the court allowed Lowbrau to submit, "in addition to what the [c]ourt permitted in the tentative ruling," "an additional brief." But the minute orders state that Lowbrau could "provide brief evidence, only" with "no argument, authority, analysis, or discussion," and which "must exclude any time claimed for appellate work." When a court's oral ruling conflicts with the clerk's minute order, the oral ruling controls. (See *Hatley v. Southard* (2023) 94 Cal.App.5th 579, 588, fn. 1 ["An oral ruling controls where there is a conflict with a minute order. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.)"]; *Jennifer T. v. Superior Court* (2007) 159 Cal.App.4th 254, 259.) Because the oral ruling controls, the trial court did not deny the motion as to appellate attorney fees at the April 2022 hearing.

Therefore, when the trial court stated in its July 2022 order that in April 2022 it had "denied the motion with respect to recovering any fees for appellate work," it had not, in fact, done so. The July 2022 order

demonstrates that the court's ruling barring Lowbrau from recovering any appellate attorney fees was based on its belief that it had already denied such fees. It was not based on a substantive determination of the issue—whether Lowbrau had identified appellate work performed on the section 19955 claim which was not inextricably intertwined with appellate work performed on the Unruh Act claim. (See *Turner*, *supra*, 193 Cal.App.4th at p. 1054; see also *Skaff I*, *supra*, 55 Cal.App.5th at p. 534 [we must pay particular attention to the trial court's stated reasons in denying or awarding attorney fees].) This raises questions about the trial court's exercise of discretion.

The record demonstrates that the trial court either abused its discretion, or failed to exercise it, when it denied recovery of appellate attorney fees without determining whether Lowbrau had identified appellate work on the two causes of action which was not inextricably intertwined. In his opposition to Lowbrau's motion, Skaff stated that there was a "possible exception to" his argument that the motion should be denied in its entirety. Skaff "recognize[d] that, with respect to the Appellant's Opening Brief solely, [Lowbrau] attempted to make the appeal about the [section] 19955 claim alone and its Opening Brief does reflect only arguments related to the [section] 19955 claim." Therefore, at a minimum, Skaff acknowledged that Lowbrau's counsel performed appellate work regarding the section 19955 claim which was not intertwined, let alone intertwined in a way that precluded segregation, with work on the Unruh Act claim.[14] We are, therefore, unable to rationalize the court's decision. (See *Roe v. Halbig*, *supra*, 29 Cal.App.5th at p. 312.) Since the trial court did not make any findings on this issue in the first instance, we conclude the proper remedy is

---

[14] This should not be construed as a determination by this court that this point is correct. We leave that task to the trial court.

to remand the matter for the trial court to exercise its discretion.[15] (See *ibid.* [" 'When the record is unclear whether the trial court's award of attorney fees is consistent with the applicable legal principles, we may reverse the award and remand the case to the trial court for further consideration and amplification of its reasoning.' "].) If the court concludes that Lowbrau is entitled to appellate attorney fees, we express no opinion on the proper amount of the award.

### D. Forfeiture

Skaff contends that an alternate basis to affirm the trial court's order is because Lowbrau "forfeited its appeal by misrepresenting the record and failing to provide a complete statement of facts." Relying on the minute orders, Skaff asserts that in April 2022 the trial court had "expressly and unequivocally denied recovery of appellate fees." Based on this position, Skaff contends Lowbrau misstated the facts, namely when it claimed that the trial court was mistaken when it believed it had previously denied an award of appellate attorney fees. Skaff asserts that Lowbrau did not disclose the minute orders in its opening brief and argues there was "no reasonable basis" for this omission.

"In every appeal, 'the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment. [Citation.] Further, the burden to provide a fair summary of the evidence "grows with the complexity of the record." ' " (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 739; see also Cal. Rules of Court, rule 8.204(a)(2)(C) [opening brief must provide "a summary of the significant facts limited to matters in the record"].) Parties may be deemed to forfeit an issue where they have

---

[15] Based on this conclusion, we decline Lowbrau's request for this court to award appellate attorney fees.

misrepresented the record or failed to provide a complete summary of the relevant facts. (*Perry v. Kia Motors America, Inc.* (2023) 91 Cal.App.5th 1088, 1095–1096.)

We reject Skaff's forfeiture argument. We concluded, *ante*, that the trial court did not deny recovery for appellate fees in April 2022. Lowbrau did not misrepresent or misstate the record when it so stated. Skaff is correct that Lowbrau did not mention the minute orders in its opening brief. But Lowbrau did not misrepresent or misstate the record by this omission. (Cf. *Perry v. Kia Motors America, Inc.*, *supra*, 91 Cal.App.5th at p. 1095 [in appellate brief, appellant argued that the trial court had found that the defendant improperly concealed documents, but "the [trial] court said exactly the opposite: that it did *not* find any concealment"].) Nor do Skaff's other asserted inaccuracies in Lowbrau's opening brief warrant a conclusion that it forfeited its appeal. In sum, Lowbrau's summary of the facts "neither misrepresented the record nor otherwise misled us such that we should deem [its] appeal forfeited." (*Majestic Asset Management LLC v. The Colony at California Oaks Homeowners Assn.* (2024) 107 Cal.App.5th 413, 423.)

## III.   DISPOSITION

The January 26, 2023 order awarding Lowbrau attorney fees is reversed insofar as it denied recovery of appellate attorney fees. We remand and direct the trial court to determine whether Lowbrau is entitled to appellate attorney fees and, if so, to determine the amount. In all other respects, the order is affirmed. Lowbrau is awarded its costs on appeal. (Cal Rules of Court, rule 8.278(a).)

LANGHORNE WILSON, J.


WE CONCUR:


HUMES, P. J.


SMILEY, J.


A167662
*Skaff v. Rio Nido Roadhouse, LLC*

28